UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| BOBBY HAMILTON, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 04-387-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Bobby Hamilton, Jr. ("Hamilton") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Through this action, Hamilton seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to disability insurance benefits and supplemental security income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Hamilton.

## I.   LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability

application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.  PROCEEDINGS BEFORE THE ALJ

On January 21, 2003, an administrative hearing was held before ALJ Don C. Paris in Prestonsburg, Kentucky. During this hearing, the ALJ heard testimony from Hamilton and Dean Owen, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Hamilton. The ALJ concluded that Hamilton retained the residual functional capacity to perform a significant range of light work. [Transcript ("Tr."), p. 26] Based on testimony from the VE, the ALJ further concluded that Hamilton was capable of performing a significant number of jobs in the national economy. [Tr., p. 26]

## III.  DISCUSSION

Hamilton asserts that the ALJ erred by failing to obtain records from Mountain Comprehensive Care Center ("Center") before rendering his decision. With respect to this argument, the Court notes that an ALJ has a duty to develop an adequate record to support his decision. *Born v. Sec'y of Health and Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990). This obligation rises to a special duty when a claimant is proceeding without representation. *Lashley*, 708 F.2d at 1051.

In this case, Hamilton contends that the ALJ did not properly develop the record concerning his mental impairment. However, as correctly noted by the Commissioner, his testimony regarding care at the Center is vague. Although Hamilton stated that he was treated at the Center, he was unable to provide the specific dates or the number of times that he received

Case: 7:04-cv-00387-DCR  Doc #: 11  Filed: 07/05/05  Page: 5 of 5 - Page ID#: 82

that treatment. In addition, Hamilton has been represented by counsel throughout these proceedings. And Hamilton's counsel did not inquire about this medical evidence at the time of the hearing nor did he request that the record be held open in order to present this evidence to the ALJ prior to the issuance of his decision.

Further, Hamilton has not alleged that these medical records, if considered by the ALJ, would have demonstrated that he has a disabling mental impairment. Objective medical evidence in the record supports the ALJ's conclusion that Hamilton was not disabled. Hamilton has not suggested and the Court is unable to determine how the information contained in these medical records would have enhanced a determination of disability.

### IV.    CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, this Court concludes that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1)    Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2)    The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

(3)    The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 5th day of July, 2005.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

-5-